**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>U.S. Department of Justice<br>Antitrust Division<br>450 Fifth Street, NW<br>Suite 8000<br>Washington, D.C. 20530<br><br>      *Plaintiff*,<br><br>      v.<br><br>LM U.S. CORP ACQUISITION INC.,<br>1500 CityWest Blvd.<br>Suite 600<br>Houston, TX 77042<br><br>  and<br><br>ROSS AVIATION, LLC,<br>3033 East First Avenue<br>Suite 815<br>Denver, CO 80206<br><br>      *Defendants*. | **CASE:**<br><br>**JUDGE:**<br><br>**FILED:** |

## COMPLAINT

The United States of America, acting under the direction of the Attorney General of the United States, brings this civil antitrust action to enjoin the proposed acquisition by LM U.S. Corp Acquisition Inc. (with affiliated companies doing business as Landmark Aviation, "Landmark") of Ross Aviation, LLC ("Ross") (collectively, "Defendants") and to obtain other equitable relief. The United States alleges as follows:

**I.**

**NATURE OF THE ACTION**

1.     On April 19, 2014, Landmark and Ross signed an agreement for Landmark to acquire Ross's United States fixed base operators ("FBOs") for approximately $330 million.  FBOs provide flight support services—including fueling, ramp and hangar rentals, office space rentals, and other services—to general aviation customers.  Landmark is the third largest fixed base operator in the United States and operates over 40 FBOs at airports around the country.  Ross operates FBOs at 19 airports in the United States.  Both Landmark and Ross operate FBOs at the Scottsdale Municipal Airport ("SDL").

2.     Landmark and Ross are the only two FBOs operating at SDL.  They compete directly on price and quality of FBO services for general aviation customers.  Thus, the proposed acquisition would eliminate this head-to-head competition and create an FBO monopoly at SDL.  The proposed acquisition would also give Landmark the ability to raise prices and lower the quality of services at SDL for general aviation customers.  Unless the transaction is enjoined, the proposed acquisition is likely to lessen competition substantially in the market for FBO services at SDL in violation of Section 7 of the Clayton Act,  15 U.S.C. § 18.

**II.**

**JURISDICTION AND VENUE**

3.     The United States brings this action under Section 15 of the Clayton Act, as amended, 15 U.S.C. § 25, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18.

4.  Defendants are engaged in interstate commerce and in activities substantially affecting interstate commerce.  Landmark and Ross provide FBO services to aircraft landing throughout the United States.  This Court has subject matter jurisdiction over this action and jurisdiction over the parties pursuant to 15 U.S.C. § 25, and 28 U.S.C. §§ 1331, 1337(a), and 1345.

5.  Defendants have consented to venue and personal jurisdiction in this District.

### III.

### **DEFENDANTS AND THE PROPOSED TRANSACTION**

6.  LM U.S. Corp Acquisition Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  LM U.S. Corp Acquisition Inc. is a subsidiary of CP V Landmark II, L.P.  CP V Landmark II, L.P. and CP V Landmark, L.P., which are both limited partnerships within the Carlyle Group, control all the companies doing business as Landmark Aviation.  CP V Landmark II, L.P., CP V Landmark, L.P., and Carlyle Partners V, L.P. (collectively, "Landmark") are all limited partnerships within the Carlyle Group with the same or similar investors.  Landmark owns and operates more than 40 FBO facilities in the United States, including its FBO operation at SDL, which it operates as Landmark Aviation–SDL.

7.  Ross is a Delaware limited liability company with its principal place of business in Denver, Colorado.  Ross owns and operates 19 FBO facilities in the United States, including its FBO operation at SDL, which it operates as Scottsdale AirCenter.

8.     On April 19, 2014, Landmark and Ross executed a Transaction Agreement under which Landmark will acquire all of Ross's FBO assets for approximately $330 million.

## IV.

## TRADE AND COMMERCE

### A.    The Relevant Market

9.     FBO services include the sale of jet aviation fuel ("Jet A fuel") and aviation gasoline ("avgas"), as well as related support services, to general aviation customers. FBOs usually do not charge separately for services such as conference rooms, pilot lounges, flight planning, and transportation. Instead, they recover the cost of these ancillary services in the price that they charge for fuel. FBOs often charge separately for hangar and office rentals, aircraft storage, tie-down and ground services, deicing, and catering.

10.    The largest source of revenue for an FBO is fuel sales. FBOs sell Jet A fuel for jet aircraft, turboprops and helicopters, and avgas for smaller, piston-operated planes.

11.    General aviation customers cannot obtain fuel, hangar, ramp or related services at SDL, except through the FBOs authorized to sell such products and services by the local airport authority. Consequently, general aviation customers landing at SDL have no option other than to use Landmark and Ross FBOs for these services. Obtaining FBO services at another airport would not provide an economically practical alternative for these general aviation customers because they purposely select SDL due to its proximity to Scottsdale. Thus, a small but significant post-acquisition increase in the

prices for fuel, hangar space, and other FBO services at SDL would not cause general aviation customers to switch to other airports in sufficient quantities to make such a price increase unprofitable.

12. Accordingly, the provision of FBO services to general aviation customers is a relevant product market and SDL is a relevant geographic market (i.e., a line of commerce and a section of the country) under Section 7 of the Clayton Act, 15 U.S.C. § 18.

**B.     Anticompetitive Effects**

13. The market for FBO services at SDL is highly concentrated, with only two providers—Landmark and Ross. If Landmark acquires the Ross FBO facility, it will have a monopoly in the market for FBO services at SDL.

14. Competition between Landmark's and Ross's FBO facilities currently limits the ability of each to raise prices for FBO services. This head-to-head competition also forces each company to offer better service to customers. The proposed acquisition would eliminate the competitive constraint each imposes on the other.

15. Thus, the proposed acquisition would lead to a monopoly at SDL, which, in turn, would likely result in higher prices for FBO services and a lower quality of service for customers in violation of Section 7 of the Clayton Act, , 15 U.S.C. § 18.

16. Successful entry into the provision of FBO services at SDL by a new competitor would not be timely, likely, or sufficient to deter the anticompetitive effects resulting from this transaction. Entry sufficient to replace the market impact of Ross would be unlikely for several reasons. First, Landmark and Ross both hold long-term leases from SDL for their FBO Facilities. Additionally, the new FBO provider would

need to get the approval of the airport authority, obtain permits, and construct facilities prior to beginning its operations at SDL. This process would require extensive lead time to complete and there is no guarantee that the new provider would be able to obtain the necessary approvals and permits. Thus, timely and successful entry at SDL by a new provider of FBO services would be unlikely to occur in response to a small but significant and non-transitory post-merger price increase.

## V.

## VIOLATION ALLEGED

17. The United States hereby incorporates paragraphs 1 through 16.

18. Unless enjoined, Landmark's proposed acquisition of Ross is likely to substantially lessen competition and restrain trade for FBO services at SDL in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, in the following ways:

   a. actual and potential competition between Landmark and Ross for FBO services at SDL will be eliminated;

   b. competition for FBO services at SDL will be eliminated; and

   c. prices for FBO services for general aviation customers at SDL will likely increase and quality of service will likely decrease.

## VI.

## REQUEST FOR RELIEF

19. The United States requests that:

   a. Landmark's proposed acquisition of Ross's FBO facility at SDL be adjudged and decreed to be unlawful and in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18;

b.  Defendants and all persons acting on their behalf be preliminarily and permanently enjoined and restrained from consummating the proposed transaction or from entering into or carrying out any contract, agreement, plan, or understanding, the effect of which would be to combine Landmark's and Ross's FBO facilities and assets at SDL;

c.  the United States be awarded its costs for this action; and

d.  the United States receive such other and further relief as the Court deems just and proper.

Dated this 30th day of July, 2014.

Respectfully submitted,

FOR PLAINTIFF UNITED STATES:

*[signature]*
WILLIAM J. BAER (D.C. BAR # 324723)
Assistant Attorney General for Antitrust

*[signature]*
DAVID I. GELFAND
Deputy Assistant Attorney General

*[signature]*
PATRICIA A. BRINK
Director of Civil Enforcement

*[signature]*
WILLIAM H. STALLINGS
(D.C. BAR #444924)
Chief
TRANSPORTATION, ENERGY &
AGRICULTURE SECTION

*[signature]*
CAROLINE E. LAISE
Assistant Chief
TRANSPORTATION, ENERGY &
AGRICULTURE SECTION

*[signature]*
MICHELLE A. PIONKOWSKI*
LAURA B. COLLINS
Attorneys
Antitrust Division
U.S. Department of Justice
450 Fifth Street, N.W., Suite 8000
Washington, DC 20530
Telephone: (202) 598-2954
Facsimile: (202) 307-2784
E-mail: Michelle.Pionkowski@usdoj.gov

Attorneys for the United States

*Attorney of Record